UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **SHILOH MISSIONARY BAPTIST** | § | |
| **CHURCH OF MOORINGSPORT,** | § | |
| **INC.** | § | |
| *Plaintiff*, | § | |
| | § | |
| *vs.* | § | **CIVIL ACTION NO.: 5:20-cv-00081** |
| | § | |
| **TRAVELERS INDEMNITY** | § | |
| **COMPANY OF CONNECTICUT,** | § | |
| *Defendant.* | § | |
| | § | |

## NOTICE OF REMOVAL AND JURY TRIAL DEMAND

**NOW INTO COURT**, comes defendant, Travelers Indemnity Company of Connecticut,

("Travelers"), which hereby files this Notice of Removal, containing a short and plain statement

of the grounds for removal as required by 28 U.S.C. § 1332(a), 28 U.S.C. § 1441, and 28 U.S.C.

§ 1446, thereby giving notice of removal from the 1st Judicial District Court, Parish of Caddo,

State of Louisiana, to the United States District Court for the Western District of Louisiana,

Shreveport Division.[1] By filing this Notice of Removal, Travelers preserves, and does not waive,

its right to raise any and all rights, defenses, exceptions, objections, and demands in both state

and federal court.

1.       As more fully explained below, this case is properly removed to this Honorable

Court based on the Court's diversity jurisdiction under 28 U.S.C. § 1332.

---

[1] Ex. A, *in globo*, State Court Record.

1

## BACKGROUND

2.      On October 30, 2019, Plaintiff, Shiloh Missionary Baptist Church of Mooringsport, Inc., filed a Petition (the "Petition") in the 1st Judicial District Court, Parish of Caddo, State of Louisiana.[2]

3.      The Petition avers that Defendant is a foreign insurer, authorized to do and doing business in Caddo Parish, Louisiana.[3]

4.      Defendant, The Travelers Indemnity Company of Connecticut, is a foreign insurance company that is organized under the laws of Connecticut and has its principal place of business in Connecticut.

5.      The Petition alleged that on April 13, 2019, Plaintiff's covered premises located at 10395 Blanchard-Latex Road, Mooringsport, Louisiana, (the "Church property"), was damaged by heavy winds during a weather event.[4]

6.      The Petition alleged that at the time of the weather event, Travelers issued a policy of casualty insurance, which plaintiff alleged provided coverage for the loss.[5]

7.      The Petition further alleged that Travelers failed to pay Plaintiff's claim in violation of La. R.S. 22:1892 and 22:1973.[6]

8.      The Petition further alleged that Travelers had failed to fulfill its obligations under the homeowners insurance policy and that Travelers was therefore liable for various damages.[7]

9.      Travelers does not admit the underlying facts as alleged by Plaintiff or as summarized above.  Further, Travelers expressly denies that it has any liability to Plaintiff.

---

[2] Ex. A, Pet.
[3] Ex. A, Pet., ¶ 2.
[4] Ex. A, Pet. at ¶¶ 4–7.
[5] Ex. A, Pet. at ¶¶  3 & 5.
[6] Ex. A, Pet. at ¶¶ 10-13.
[7] Ex. A, Pet. at ¶ 11-13.

## TIMELINESS OF REMOVAL

10.     Travelers was served with a copy of the Petition through the Louisiana Secretary of State's Office on November 8, 2019.[8]

11.     Travelers received a copy of the Citation and Petition from Corporation Service Company on November 14, 2019.[9]

12.     Travelers filed its answer on December 17, 2019[10] and issued Travelers' Request for Admissions to Plaintiff regarding the amount in controversy.[11]

13.     Plaintiff responded to Travelers' Request for Admissions on December 19, 2019 admitting the amount in controversy exceeds $75,000.[12]

14.     This Removal is timely under 28 U.S.C. § 1446(b)(2)(B) and (c)(1) as it is being filed within thirty (30) days of receipt of the initial pleading providing notice to Travelers that the amount in controversy exceeds $75,000 and within one year of the action being filed.

## BASIS OF REMOVAL—DIVERSITY JURISDICTION

15.     This Court has original subject matter jurisdiction under 28 U.S.C. § 1332(a), and this matter is therefore removable to this Court under 28 U.S.C. § 1441(a), because there is complete diversity of citizenship among the properly joined parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

16.     Complete diversity of citizenship exists.  Plaintiff is a domestic corporation which is authorized to do and doing business in Louisiana with its principal place of business located in Caddo Parish, Louisiana.[13]  Travelers is a citizen of Connecticut.

---

[8] Ex. A, Citation & Service Return.
[9] Ex. A, Citation & Service Return.
[10] Ex. B, Travelers' Answer.
[11] Ex. C, Travelers' Request for Admissions dated 12/17/19.
[12] Ex. D, Shiloh's Responses to First Set of Requests for Admissions, Request No. 14.
[13] Ex. A, Pet., ¶ 1.

3

## AMOUNT IN CONTROVERSY IN EXCESS OF $75,000.00

17.     The notice of removal may assert the amount in controversy where, as here, a case is removed from a state that does not permit a plaintiff to demand a specific sum of money.[14] In such a case, "[t]he defendant may prove that amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth facts in controversy that support a finding of the requisite amount."[15]

18.     Here, Plaintiff's original Petition did not provide information regarding the amount in controversy.  However, Plaintiff's responses to Travelers' First Requests for Admissions admits that the amount in controversy exceeds $75,000.[16]  Additionally, Plaintiff seeks recovery of unspecified penalties and attorneys' fees from Travelers for alleged bad faith under both R.S. § 22:1892.[17]

19.     The facts in controversy in this matter show that Plaintiff is seeking damages in excess of $75,000, exclusive of interest and costs. Therefore, the amount-in-controversy requirement under 28 U.S.C. § 1332(a) has been met.

## COPY OF ALL PROCESS, PLEADINGS, AND ORDERS

20.     A certified copy of the suit record from the 1st Judicial District Court, Parish of Caddo, State of Louisiana, bearing Suit No. 620,270-C, is attached as Exhibit A, *in globo*, which exhibit includes a copy of all process, pleadings, and orders served upon defendant as required by 28 U.S.C. § 1446(a).

---

[14] 28 U.S.C. § 1446(c)(2)(A)(ii).
[15] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882–83 (5th Cir. 2000) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)).
[16] Ex. D, response No. 14.
[17] Ex. A, Pet. at ¶¶ 11-13.

## NOTICE TO ADVERSE PARTIES AND COURT

21.     Travelers will be providing written notice of the removal of this action to counsel for plaintiff, and to the Clerk of Court for the 1st Judicial District Court for the Parish of Caddo as required by 28 U.S.C. § 1446(d).

## JURY DEMAND

22.     Travelers hereby demands a trial by jury.

Respectfully Submitted:

/s/ LaDonna G. Schexnyder
**Seth A. Schmeeckle, La. Bar No. 27076 (T.A.)**
**LaDonna G. Schexnyder, La. Bar No. 28814 (T.A.)**
**Federal ID No. 1096795**
**Stephen F. Butterfield, La. Bar No. 35689**
**Lugenbuhl, Wheaton, Peck, Rankin & Hubbard**
601 Poydras Street, Suite 2775
New Orleans, LA 70130
Telephone: 504-568-1990
Facsimile: 504-310-9575
Email:  sschmeeckle@lawla.com
            lschexnyder@lawla.com
            sbutterfield@lawla.com
**Attorneys for Defendant,**
**Travelers Indemnity Company of Connecticut**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the foregoing pleading was electronically filed with the Clerk of Court through the CM/ECF system and all registered counsel were electronically notified and all non-CM/ECF participants were otherwise served by electronic transmission, facsimile transmission and/or by U.S. Mail, properly addressed and postage prepaid this 17th day of January, 2020.

David A. Szwak
BODENHEIMER, JONES & SZWAK, LLC
416 Travis Street, Suite 1404
Mid South Tower
Facsimile: 318-221-6555

*/s/ LaDonna G. Schexnyder*
LaDonna G. Schexnyder