# MIKE SPENCE
## CLERK OF COURT

Caddo Parish Courthouse
501 Texas Street, Room 103
Shreveport, LA 71101-5408



Dianne Doughty
*Criminal Administrator*

Greg Shyne
*Civil Administrator*

| | | |
|---|---|---|
| SHILOH MISSIONARY BAPTIST CHURCH OF MOORINGSPORT, INC. | * | NUMBER: 620,270-C |
| VS. | * | FIRST JUDICIAL DISTRICT COURT |
| TRAVELERS INDEMNITY COMPANY OF CONNECTICUT | * | CADDO PARISH, LOUISIANA |

TO WHOM IT MAY CONCERN:

I, DIANNE HARMON, DEPUTY CLERK OF THE FIRST JUDICIAL DISTRICT COURT, IN AND FOR THE PARISH OF CADDO, STATE OF LOUISIANA, HEREBY CERTIFY THAT THE ATTACHED COPIES ARE TRUE AND CORRECT COPIES OF THE ENTIRE SUIT SHILOH MISSIONARY BAPTIST CHURCH OF MOORINGSPORT, INC. VS. TRAVELERS INDEMNITY COMPANY, SUIT NUMBER 620,270-C, FILED IN THE CIVIL RECORDS OF CADDO PARISH, LOUISIANA.

GIVEN UNDER MY HAND AND THE SEAL OF THIS OFFICE ON THIS THE  31ST DAY OF DECEMBER, 2019.

*Dianne Harmon*
_____
DIANNE HARMON
DEPUTY CLERK

*"Where The Public Comes First"*

| Civil Suits | Criminal | Land Records |
|---|---|---|
| (318) 226-6776 | (318) 226-6786 | (318) 226-6780 |
| (318) 227-9080 fax | (318) 677-5371 fax | (318) 841-4001 fax |

**EXHIBIT**

**A**

SHILOH MISSIONARY BAPTIST CHURCH OF  NUMBER: 620,270-C
MOORINGSPORT, INC.

VERSUS                                        FIRST JUDICIAL DISTRICT COURT

TRAVELERS INDEMNITY COMPANY OF
CONNECTICUT                                   CADDO PARISH, LOUISIANA

## PETITION

NOW INTO COURT, through undersigned counsel, comes plaintiff SHILOH

MISSIONARY BAPTIST CHURCH OF MOORINGSPORT, INC., who prays for judgment in

its favor and against defendant, TRAVELERS INDEMNITY COMPANY OF CONNECTICUT,

for losses, damages, other awards and relief due plaintiff, as described herein, as follows:

1.

Plaintiff is a domestic corporation which is authorized to do and doing business in

Louisiana, with its principal place of business located in Mooringsport, Caddo Parish, Louisiana.

2.

Made defendant is TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, a

foreign insurer, authorized to do and doing business in Caddo Parish, Louisiana, and who may be

served with process through its statutory agent for service: R. Kyle Ardoin, Louisiana Secretary

of State, 8585 Archives Ave., Baton Rouge, Louisiana 70809.

3.

Defendant sold plaintiff a policy of casualty insurance, number IE660-826C1101,

covering, inter alia, plaintiff's property and buildings located at 10395 Blanchard-Latex Rd.,

Mooringsport, Caddo Parish, Louisiana.

4.

On or about April 13, 2019, plaintiff suffered significant damages to its covered premises

located at 10395 Blanchard-Latex Rd., Mooringsport, Caddo Parish, Louisiana.

5.

Plaintiff timely and properly complied with defendant's claims submission process and

presented a claim for the loss to defendant, which should have been paid under the

aforementioned casualty insurance policy.

$25.00 FILED

OCT 30 2019

SANDY KIRKIKIS
DEPUTY CLERK OF COURT
CADDO PARISH

PGS 3  EXH ____ MIN ____
CC ____ CP ____ MAIL ____ N/J ____
INDEX ____ REC ____ FAX ____
W/D DOC ____ CERT MAIL ____
SERVICE ____

Page 1 of 3

6.

On or about April 13, 2019, plaintiff's covered premises located at 10395 Blanchard-Latex Rd., Mooringsport, Caddo Parish, Louisiana, sustained heavy windstorm damage in a weather event.

7.

The aforementioned windstorm caused a concussion effect to the roof of the building on the subject premises and broke the rafter and brace members in the roof thereby resulting in a severe sag to the roof and a dangerous condition.

8.

Plaintiff placed defendant on notice of the foregoing facts and defendant chose to hire an alleged engineer from Fayetteville, Arkansas, to travel to Louisiana to inspect the loss.

9.

Defendant's alleged engineer prepared a report claiming that the subject loss was not covered and not due to the windstorm, despite clear evidence to the contrary.

10.

Defendant has failed and refused to pay plaintiff's claim.

11.

Defendant is liable unto plaintiff for plaintiff's losses, damages, other awards and relief due plaintiff, as described herein, based on defendant's fault, as follows:

[a]   breach of contract;

[b]   failure to properly adjust and pay the claim;

[c]   engaging an incompetent alleged engineer;

[d]   denying plaintiff's claim in an arbitrary and capricious manner;

[e]   denying plaintiff's claim while lacking any probable cause for denying the claim;

[f]   bad faith refusal to properly adjust and pay the claim; and

[g]   violation of La. RS 22:1892.

12.

Plaintiff has sustained losses and damages, including property damages, expert witness expenses, attorneys' fees, loss of use of its premises, inconvenience, substitute premises expenses, preservation expenses, and court costs.

13.

Plaintiff is also entitled to additional damages and relief afforded under La. RS 22:1892.

WHEREFORE PLAINTIFF, SHILOH MISSIONARY BAPTIST CHURCH OF

MOORINGSPORT, INC., PRAYS that this Honorable Court, after due proceedings, render

judgment in its favor and against defendant, TRAVELERS INDEMNITY COMPANY OF

CONNECTICUT, for all recoverable damages, losses, awards and other relief, including but not

limited to reasonable attorneys' fees allowed by law and all litigation expenses, interest due on

all demands and claims, and all costs of these proceedings until collected in full and court costs,

litigation expenses, expert witness fees, and other assessments proper by law and any and all

other applicable state laws, together with legal interest thereon from date of judicial demand until

paid in full.

WHEREFORE PLAINTIFF, SHILOH MISSIONARY BAPTIST CHURCH OF

MOORINGSPORT, INC., PRAYS for any and all equitable or other relief deemed necessary or

proper in this cause.

Respectfully submitted:

BODENHEIMER, JONES & SZWAK, LLC

By: _____
DAVID A. SZWAK, LBR#21157, T.A.
416 Travis Street, Ste. 1404
Mid South Tower
Shreveport, Louisiana 71101
[318] 424-1400
FAX  221-6555
**ATTORNEYS FOR PLAINTIFF**

**PLEASE SERVE:**
TRAVELERS INDEMNITY COMPANY OF CONNECTICUT,
who may be served with process through its statutory agent for service:
R. Kyle Ardoin, Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, Louisiana
70809.

mollym

# Citation

SHILOH MISSIONARY BAPTIST CHURCH OF
MOORINGSPORT INC
   VS
TRAVELERS INDEMNITY COMPANY
CONNECTICUT

NO. 620270– C

STATE OF LOUISIANA
PARISH OF CADDO

FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA, TO:      TRAVELERS INDEMNITY COMPANY CONNECTICUT
                                 THRU HONORABLE SECRETARY OF STATE
                                 BATON ROUGE, LA 70809

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued
for.

You must EITHER do what the petition asks, OR, within FIFTEEN (15) days after you have received
these documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court
at the Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within FIFTEEN
(15) days, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date October 30, 2019.

   *Also attached are the following:          **MIKE SPENCE, CLERK OF COURT**

_____   REQUEST FOR ADMISSIONS OF FACTS

_____   INTERROGATORIES

_____   REQUEST FOR PRODUCTION OF DOCUMENTS      By: _____

_____                                                Deputy Clerk


                                                   _____
                                                        DAVID SZWAK
                                                           Attorney


# FILE COPY

mollym

CPCC.CV.1544543

# Citation

$\frac{39.36}{50}$

SHILOH MISSIONARY BAPTIST CHURCH OF MOORINGSPORT INC
VS
TRAVELERS INDEMNITY COMPANY CONNECTICUT

NO. 620270– C

STATE OF LOUISIANA
PARISH OF CADDO

FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA, TO:   TRAVELERS INDEMNITY COMPANY CONNECTICUT
THRU HONORABLE SECRETARY OF STATE
BATON ROUGE, LA 70809

**YOU HAVE BEEN SUED.**
Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within FIFTEEN (15) days after you have received these documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court at the Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within FIFTEEN (15) days, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date October 30, 2019.

\*Also attached are the following:

\_\_\_\_\_ REQUEST FOR ADMISSIONS OF FACTS

\_\_\_\_\_ INTERROGATORIES

\_\_\_\_\_ REQUEST FOR PRODUCTION OF DOCUMENTS

\_\_\_\_\_

**MIKE SPENCE, CLERK OF COURT**

By: _____

Deputy Clerk

DAVID SZWAK
Attorney

SERVICE INFORMATION:              Date _____

Personal \_\_\_\_\_ Domiciliary \_\_\_\_\_ to _____

NOV 08 2019

Unserved \_\_\_\_\_ because _____

I made service on the named party through the

Remarks _____

Office of the Secretary of State

by tendering a copy of this document to

Deputy Sheriff ☐ JULIE RUSSELL   ☐ TAMMY GLOVER   ☐ MEGHAN SHANKS

C. Ummmuns

Deputy Sheriff, Parish of East Baton Rouge, Louisiana

**FILED**
SHERIFF RETURN

NOV 18 2019

MIKE SPENCE

CLERK OF COURT

NOV 07 2019

SHILOH MISSONARY BAPTIST
CHURCH OF MOORINGSPORT, INC.
*Plaintiff,*

vs.

TRAVELERS INDEMNITY COMPANY
OF CONNECTICUT
*Defendant.*

FILED: _____

NO. 620,270-C

FIRST JUDICIAL DISTRICT COURT

PARISH OF CADDO

STATE OF LOUISIANA

_____
DEPUTY CLERK

## MOTION FOR EXTENSION

NOW INTO COURT, through undersigned counsel, comes Travelers Indemnity Company of Connecticut ("Travelers"), and respectfully moves for an Order extending the time within which Travelers must file a responsive pleading to the Petition for Damages filed by plaintiff, Shiloh Missionary Baptist Church of Mooringsport, Inc. ("Plaintiff"). Travelers seeks an extension of thirty days from when a responsive pleading would otherwise be due, through December 26, 2019, as undersigned counsel is awaiting file materials and Travelers requires additional time to formulate a response. Undersigned counsel contacted the office of Plaintiff's attorneys, Bodenheimer, Ones & Szwak, LLC and David A. Szwak, and spoke to Mr. Szwak, and understands from this conversation that Plaintiff has no objection to the requested extension through December 26, 2019.

Respectfully submitted,

_____
Seth A. Schmeeckle, T.A., La. Bar #27076
LaDonna G. Schexnyder, La. Bar #28814
**LUGENBUHL, WHEATON, PECK, RANKIN &
HUBBARD**
9311 Bluebonnet Blvd., Suite A
Baton Rouge, LA 70820
Telephone:   (504) 568-1990
Facsimile:    (504) 310-9195
**Attorneys for Defendant, Travelers Indemnity
Company of Connecticut**

PGS __2__ EXH __1__ MIN _____
CC _____ CP __5__ MAIL _____ N/J _____
INDEX _____ REC _____ FAX _____
W/D DOC _____ CERT MAIL _____
SERVICE _____

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of November, 2019, a copy of this pleading has been served upon all counsel to this action by e-mail & U.S. Mail, properly addressed and postage prepaid.

_____
LaDonna G. Schexnyder

FAX
FILED
NOV 19 2019
TORI HAYES
DEPUTY CLERK OF COURT
CADDO PARISH

3618

SHILOH MISSONARY BAPTIST                    NO. 620,270-C
CHURCH OF MOORINGSPORT, INC.
    *Plaintiff,*                            FIRST JUDICIAL DISTRICT COURT

vs.
                                            PARISH OF CADDO

TRAVELERS INDEMNITY COMPANY
OF CONNECTICUT
    *Defendant.*                          STATE OF LOUISIANA

FILED: _____
                                            _____
                                            **DEPUTY CLERK**

---

## ORDER

---

    CONSIDERING THE FOREGOING Motion for Extension filed by Travelers Indemnity

Company of Connecticut ("Travelers");

    IT IS HEREBY ORDERED that Traveler's Motion is GRANTED, and Travelers is hereby

granted an extension through December 26, 2019 to file a responsive pleading to the Petition for

Damages filed by plaintiff, Shiloh Missionary Baptist Church of Mooringsport, Inc. ("Plaintiff").

    Gretna, Louisiana, this _____ day of _____, 2019.


                             _____
                           JUDGE, 1st JUDICIAL DISTRICT COURT

# Lugenbuhl

**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**
A LAW CORPORATION
9311 BLUEBONNET BOULEVARD | SUITE A | BATON ROUGE, LA 70810
TEL: 504.568.1990 | FAX: 504.310.9195

LaDonna G. Schexnyder
lschexnyder@lawla.com

November 20, 2019

*Via Fax to 318-227-9080 with US Mail to Follow*
Caddo Parish Clerk of Court
Honorable Mike Spence
501 Texas Street, Room 103
Shreveport, LA 71101

Re:     Shiloh Missionary Baptist Church of Mooringsport, Inc., vs. Travelers Indemnity
        Company of Connecticut; Suit No. 620,270-C, 1st Judicial District Court, Parish
        of Caddo, State of Louisiana

Dear Sir and Mam:

    Attached for fax-filing, please find Travelers Indemnity Company of Connecticut's
Motion for Extension with proposed order and Request for Notice.

    Please confirm the processing of said filing by sending a return fax to (504) 310-9195
and include the total cost fees for this fax filing. Upon receipt of said confirmation, the original
pleadings and payment will be forwarded via U.S. Mail. Upon receipt of the original, please
send a filed, stamped copy back to us in the self-addressed envelope provided for that purpose.

    Should anything further be needed in connection herewith, please advise. Thank you for
your courtesy and attention to this request.

Very truly yours,

LaDonna G. Schexnyder

LGS/lb
Enclosures

## Mike Spence, Caddo Parish Clerk of Court

## FAX RECEIPT

Suit Number: 620270     Fax Number: [          ]

### Existing Suits

Type of Suit:
[ Existing Suits (except for the following) without service (page charge only) ▾ ]

Number of Copies to be made in Clerk's Office: [          ]

Number of Certified Copies Needed: 2

Number of Pages: 3

Number of Pages in Exhibits: 1

Number of Secretary of State Services: [          ]

Number of Other Services: [          ]

Number of Subpoenas for Fire Personnel, Police Officers or Sheriff Deputies:
[          ]

Number of Other Subpoenas: [          ]

Approximate total mileage for subpoenaed witnesses outside city limits: [          ]

Suit contains Rule to Show Cause, TRO, Sequestration, Attachment or FIFA ☐

Curator required ☐

Reservice Letter Request required ☐

FIFA Request required ☐

Writ of Possession Request required ☐

Request for Commission to Sell required ☐

If Judgment, number of additional parties over 2: [          ]

Record in Mortgage/Conveyance Records? (Enter number of pages above for price) ☐

Filing to be faxed? (Enter number of pages above for price) ☑

Current Amount Owed on Suit: [          ]

Total Deposit Required: $79

[ Clear Existing Suit Form ]   [ Print Page ]   [ Return to Main Calculator Page ]

## FAX LAW - Amended by Act 109, 2016

§850. Facsimile transmission; filings in civil actions; fees; equipment and supplies

A. Any document in a civil action may be filed with the clerk of court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time the facsimile transmission is received by the clerk of court. No later than on the first business day after receiving a facsimile filing, the clerk of court shall transmit to the filing party via facsimile a confirmation of receipt and include a statement of the fees for the facsimile filing and filing of the original document. The facsimile filing fee and transmission fee are incurred upon receipt of the facsimile filing by the clerk of court and payable as provided in Subsection B of this Section. The facsimile filing shall have the same force and effect as filing the original document, if the filing party complies with Subsection B of this Section.

B. Within seven days, exclusive of legal holidays, after the clerk of court receives the facsimile filing, all of the following shall be delivered to the clerk of court:

(1) The original document identical to the facsimile filing in number of pages and in content of each page including any attachments, exhibits, and orders. A document not identical to the facsimile filing or which includes pages not included in the facsimile filing shall not be considered the original document.

(2) The fees for the facsimile filing and filing of the original document stated on the confirmation of receipt, if any.

(3) A transmission fee of five dollars.

C. If the filing party fails to comply with any of the requirements of Subsection B of this Section, the facsimile filing shall have no force or effect. The various district courts may provide by court rule for other matters related to filings by facsimile transmission.

D. The clerk may purchase equipment and supplies necessary to accommodate facsimile filings out of the clerk's salary fund.

Acts 1991, No. 463, §1; Acts 1995, No. 1119, §1; Acts 2012, No. 826, §1; Acts 2016, No. 109, §1.

## **ATTENTION FILING CLERK**

## THIS IS THE ORIGINAL OF A PREVIOUSLY FAXED PLEADING

## FILE IMMEDIATELY

# Send Result Report
MFP

## CS.6002i
Firmware Version 2NK_2000.004.052 2018.07.02

VFA8902024
11/20/2019 13:03
[2NK_1000.004.002] [2MD_1100.001.007] [2MD_7000.004.020]

Job No.: 007730          Total Time: 0°01'06"          Page: 002

# Complete

Document:          doc0077302019112012591O

---

1/20/2019                         Caddo Parish Civil Cost Calculator

### Mike Spence, Caddo Parish Clerk of Court

### FAX RECEIPT

Suit Number: 614228          Fax Number: 

**Existing Suits**

Type of Suit:
Existing Suits (except for the following) without service (page charge only) ▼

Number of Copies to be made in Clerk's Office: 

Number of Certified Copies Needed: 1

Number of Pages: 2

Number of Pages in Exhibits: 1

Number of Secretary of State Services: 

Number of Other Services: 

Number of Subpoenas for Fire Personnel, Police Officers or Sheriff Deputies:

Number of Other Subpoenas: 

Approximate total mileage for subpoenaed witnesses outside city limits: 

Suit contains Rule to Show Cause, TRO, Sequestration, Attachment or FIFA

---

| No. | Date/Time | Destination | Times | Type | Result | Resolution/ECM |
|-----|-----------|-------------|-------|------|--------|----------------|
| 001 | 11/20/19 13:02 | 12253879886-5060 | 0°01'06" | FAX | OK | 200x100 Normal/Off |

1

SHILOH MISSONARY BAPTIST
CHURCH OF MOORINGSPORT, INC.
    *Plaintiff,*

NO. 620,270-C

FIRST JUDICIAL DISTRICT COURT

vs.

PARISH OF CADDO

TRAVELERS INDEMNITY COMPANY
OF CONNECTICUT
    *Defendant.*

STATE OF LOUISIANA

FILED: _____

                   DEPUTY CLERK

---

## REQUEST FOR NOTICE

---

    NOW INTO COURT, through undersigned counsel, comes defendant, Travelers

Indemnity Company of Connecticut ("Travelers"), and hereby requests written notice of the date

of trial at least ten (10) days before the date fixed for trial and ten (10) days-notice of all hearings,

whether on the merits or otherwise. It is further requested that written notice of signing or rendition

be provided for all orders, judgments, and interlocutory decrees, and any and all formal steps taken

by the parties herein, as provided by the Louisiana Code of Civil Procedure articles 1572, 1913

and 1914.

Respectfully submitted,

*[signature]*

Seth A. Schmeeckle, T.A., La. Bar #27076
Ladonna G. Schexnyder, La. Bar #28814
**LUGENBUHL, WHEATON, PECK, RANKIN &
HUBBARD**
9311 Bluebonnet Blvd., Suite A
Baton Rouge, LA 70820
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
**Attorneys for Defendant, Travelers Indemnity
Company of Connecticut**

## CERTIFICATE OF SERVICE

    I hereby certify that on this 20th day of November, 2019, a copy of this pleading has been
served upon all counsel to this action by e-mail & U.S. Mail, properly addressed and postage
prepaid.

*[signature]*

        LaDonna G. Schexnyder

FAX

$____ FILED
NOV 19 2019
TORI HAYES
DEPUTY CLERK OF COURT
CADDO PARISH

PGS ____ EXH ____ MIN ____
CC ____ CP ____ MAIL ____ N/J ____
INDEX ____ REC ____ FAX ____
W/D DOC ____ CERT MAIL ____
SERVICE ____

3618

SHILOH MISSONARY BAPTIST           NO. 620,270-C
CHURCH OF MOORINGSPORT, INC.
          *Plaintiff,*                     FIRST JUDICIAL DISTRICT COURT

vs.
                                           PARISH OF CADDO

TRAVELERS INDEMNITY COMPANY
OF CONNECTICUT
          *Defendant.*                     STATE OF LOUISIANA

FILED:_____
                                           **DEPUTY CLERK**

---

### REQUEST FOR NOTICE

---

NOW INTO COURT, through undersigned counsel, comes defendant, Travelers Indemnity Company of Connecticut ("Travelers"), and hereby requests written notice of the date of trial at least ten (10) days before the date fixed for trial and ten (10) days-notice of all hearings, whether on the merits or otherwise. It is further requested that written notice of signing or rendition be provided for all orders, judgments, and interlocutory decrees, and any and all formal steps taken by the parties herein, as provided by the Louisiana Code of Civil Procedure articles 1572, 1913 and 1914.

Respectfully submitted,


Seth A. Schmeeckle, T.A., La. Bar #27076
Ladonna G. Schexnyder, La. Bar #28814
**LUGENBUHL, WHEATON, PECK, RANKIN &
          HUBBARD**
9311 Bluebonnet Blvd., Suite A
Baton Rouge, LA 70820
Telephone:      (504) 568-1990
Facsimile:      (504) 310-9195
**Attorneys for Defendant, Travelers Indemnity
Company of Connecticut**

### CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of November, 2019, a copy of this pleading has been served upon all counsel to this action by e-mail & U.S. Mail, properly addressed and postage prepaid.


LaDonna G. Schexnyder

PGS ___   EXH ___   MIN ___
CC ___ CP ___   MAIL ___   N/J ___
INDEX ___   REC ___   FAX ___
W/D DOC ___   CERT MAIL ___
SERVICE ___

**FILED**
NOV 25 2019
MIKE SPENCE
CLERK OF COURT
CADDO PARISH

SHILOH MISSIONARY BAPTIST          NO. 620,270-C
CHURCH OF MOORINGSPORT, INC.
        *Plaintiff,*                FIRST JUDICIAL DISTRICT COURT

vs.
                                    PARISH OF CADDO
TRAVELERS INDEMNITY COMPANY
OF CONNECTICUT
        *Defendant.*               STATE OF LOUISIANA

FILED: _____
                                           DEPUTY CLERK

## MOTION FOR EXTENSION

NOW INTO COURT, through undersigned counsel, comes Travelers Indemnity Company
of Connecticut ("Travelers"), and respectfully moves for an Order extending the time within which
Travelers must file a responsive pleading to the Petition for Damages filed by plaintiff, Shiloh
Missionary Baptist Church of Mooringsport, Inc. ("Plaintiff"). Travelers seeks an extension of
thirty days from when a responsive pleading would otherwise be due, through December 26, 2019,
as undersigned counsel is awaiting file materials and Travelers requires additional time to
formulate a response. Undersigned counsel contacted the office of Plaintiff's attorneys,
Bodenheimer, Ones & Szwak, LLC and David A. Szwak, and spoke to Mr. Szwak, and
understands from this conversation that Plaintiff has no objection to the requested extension
through December 26, 2019.

Respectfully submitted,

Seth A. Schmeeckle, T.A., La. Bar #27076
LaDonna G. Schexnyder, La. Bar #28814
LUGENBUHL, WHEATON, PECK, RANKIN &
    HUBBARD
9311 Bluebonnet Blvd., Suite A
Baton Rouge, LA 70820
Telephone:    (504) 568-1990
Facsimile:    (504) 310-9195
Attorneys for Defendant, Travelers Indemnity
Company of Connecticut

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of November, 2019, a copy of this pleading has been
served upon all counsel to this action by e-mail & U.S. Mail, properly addressed and postage
prepaid.

LaDonna G. Schexnyder

FAX
FILED
NOV 19 2019
TIM HAYES
DEPUTY CLERK OF COURT
CADDO PARISH

3618

## Mike Spence, Caddo Parish Clerk of Court

### FAX RECEIPT

Suit Number: 620270    Fax Number:

*Existing Suits*

Type of Suit:
Existing Suits (except for the following) without service (page charge only)

Number of Copies to be made in Clerk's Office:

Number of Certified Copies Needed: 2

Number of Pages: 3

Number of Pages in Exhibits: 1

Number of Secretary of State Services:

Number of Other Services:

Number of Subpoenas for Fire Personnel, Police Officers or Sheriff Deputies:

Number of Other Subpoenas:

Approximate total mileage for subpoenaed witnesses outside city limits:

Suit contains Rule to Show Cause, TRO, Sequestration, Attachment or FIFA

Curator required

Reserve Letter Request required

FIFA Request required

Writ of Possession Request required

Request for Commission to Sell required

If Judgment, number of additional parties over 2:

Record in Mortgage/Conveyance Records? (Enter number of pages above for price)

Filing to be faxed? (Enter number of pages above for price)

Current Amount Owed on Suit:

**Total Deposit Required: $79**

[Clear Existing Suit Form]  [Print Page]  [Return to Main Calculator Page]

### FAX LAW - Amended by Act 109, 2016

§850. Facsimile transmission; filings in civil actions; fees; equipment and supplies

A. Any document in a civil action may be filed with the clerk of court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time the facsimile transmission is received by the clerk of court. No later than on the first business day after receiving a facsimile filing, the clerk of court shall transmit to the filing party via facsimile a confirmation of receipt and include a statement of the fees for the facsimile filing and filing of the original document. The facsimile filing fee and transmission fee are incurred upon receipt of the facsimile filing by the clerk of court and payable as provided in Subsection B of this Section. The facsimile filing shall have the same force and effect as filing the original document, if the filing party complies with Subsection B of this Section.

B. Within seven days, exclusive of legal holidays, after the clerk of court receives the facsimile filing, all of the following shall be delivered to the clerk of court:

(1) The original document identical to the facsimile filing in number of pages and in content of each page including any attachments, exhibits, and orders. A document not identical to the facsimile filing or which includes pages not included in the facsimile filing shall not be considered the original document.

(2) The fees for the facsimile filing and filing of the original document stated on the confirmation of receipt, if any.

(3) A transmission fee of five dollars.

C. If the filing party fails to comply with any of the requirements of Subsection B of this Section, the facsimile filing shall have no force or effect. The various district courts may provide by court rule for other matters related to filings by facsimile transmission.

D. The clerk may purchase equipment and supplies necessary to accommodate facsimile filings out of the clerk's salary fund.

Acts 1991, No. 483, §1; Acts 1995, No. 1119, §1; Acts 2012, No. 826, §1; Acts 2016, No. 109, §1.

### **ATTENTION FILING CLERK**

### THIS IS THE ORIGINAL OF A PREVIOUSLY FAXED PLEADING

### FILE IMMEDIATELY

# Lugenbuhl

**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**
A LAW CORPORATION
9311 BLUEBONNET BOULEVARD | SUITE A | BATON ROUGE, LA 70810
TEL: 504.568.1990 | FAX: 504.310.9195

LaDonna G. Schexnyder
lschexnyder@lawla.com

November 20, 2019

*Via Fax to 318-227-9080 with US Mail to Follow*
Caddo Parish Clerk of Court
Honorable Mike Spence
501 Texas Street, Room 103
Shreveport, LA 71101

Re:     Shiloh Missionary Baptist Church of Mooringsport, Inc., vs. Travelers Indemnity
Company of Connecticut; Suit No. 620,270-C, 1st Judicial District Court, Parish
of Caddo, State of Louisiana

Dear Sir and Mam:

Attached for fax-filing, please find Travelers Indemnity Company of Connecticut's
Motion for Extension with proposed order and Request for Notice.

Please confirm the processing of said filing by sending a return fax to (504) 310-9195
and include the total cost fees for this fax filing. Upon receipt of said confirmation, the original
pleadings and payment will be forwarded via U.S. Mail. Upon receipt of the original, please
send a filed, stamped copy back to us in the self-addressed envelope provided for that purpose.

Should anything further be needed in connection herewith, please advise. Thank you for
your courtesy and attention to this request.

Very truly yours,

LaDonna G. Schexnyder

LGS/lb
Enclosures

SHILOH MISSONARY BAPTIST
CHURCH OF MOORINGSPORT, INC.
    *Plaintiff,*

vs.

TRAVELERS INDEMNITY COMPANY
OF CONNECTICUT
    *Defendant.*

FILED: _____

NO. 620,270-C

FIRST JUDICIAL DISTRICT COURT

PARISH OF CADDO

STATE OF LOUISIANA

_____
         DEPUTY CLERK

## ORDER

CONSIDERING THE FOREGOING Motion for Extension filed by Travelers Indemnity Company of Connecticut ("Travelers");

IT IS HEREBY ORDERED that Traveler's Motion is GRANTED, and Travelers is hereby granted an extension through December 26, 2019 to file a responsive pleading to the Petition for Damages filed by plaintiff, Shiloh Missionary Baptist Church of Mooringsport, Inc. ("Plaintiff").

Gretna, Louisiana, this _____ day of _____, 2019.

_____
JUDGE 1ST JUDICIAL DISTRICT COURT

| | |
|---|---|
| SHILOH MISSONARY BAPTIST CHURCH OF MOORINGSPORT, INC.<br>*Plaintiff,* | NO. 620,270-C |
| | FIRST JUDICIAL DISTRICT COURT |
| vs. | |
| | PARISH OF CADDO |
| TRAVELERS INDEMNITY COMPANY OF CONNECTICUT<br>*Defendant.* | |
| | STATE OF LOUISIANA |

FILED: _____

**DEPUTY CLERK**

## MOTION FOR EXTENSION

NOW INTO COURT, through undersigned counsel, comes Travelers Indemnity Company of Connecticut ("Travelers"), and respectfully moves for an Order extending the time within which Travelers must file a responsive pleading to the Petition for Damages filed by plaintiff, Shiloh Missionary Baptist Church of Mooringsport, Inc. ("Plaintiff"). Travelers seeks an extension of thirty days from when a responsive pleading would otherwise be due, through December 26, 2019, as undersigned counsel is awaiting file materials and Travelers requires additional time to formulate a response. Undersigned counsel contacted the office of Plaintiff's attorneys, Bodenheimer, Ones & Szwak, LLC and David A. Szwak, and spoke to Mr. Szwak, and understands from this conversation that Plaintiff has no objection to the requested extension through December 26, 2019.

Respectfully submitted,

Seth A. Schmeeckle, T.A., La. Bar #27076
LaDonna G. Schexnyder, La. Bar #28814
**LUGENBUHL, WHEATON, PECK, RANKIN &
HUBBARD**
9311 Bluebonnet Blvd., Suite A
Baton Rouge, LA 70820
Telephone:    (504) 568-1990
Facsimile:    (504) 310-9195
**Attorneys for Defendant, Travelers Indemnity
Company of Connecticut**

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of November, 2019, a copy of this pleading has been served upon all counsel to this action by e-mail & U.S. Mail, properly addressed and postage prepaid.

LaDonna G. Schexnyder

**FILED**

NOV 25 2019

PGS ✓ EXH 3 MIN ✓
CC 1 CP ___ MAIL ___ N/J ___
INDEX ___ REC ___ FAX ___
W/D DOC ___ CERT MAIL ___
SERVICE ___

# Send Result Report

MFP

## CS 6002i

Firmware Version 2NK_2000.004.052 2018.07.02

VFA8902024
12/17/2019 16:47
[2NK_1000.004.002] [2ND_1100.001.007] [2ND_7000.004.020]

---

Job No.: 008353          Total Time: 0°01'27"          Page: 002

# Complete

Document:          doc0083532019121716451B

```
12/17/2019                    Caddo Parish Civil Cost Calculator

          Mike Spence, Caddo Parish Clerk of Court

                          FAX RECEIPT

      Suit Number: 620270-C              Fax Number:

      Existing Suits

        Type of Suit:
        Existing Suits (except for the following) without service (page charge only) ▼
        Number of Copies to be made in Clerk's Office:
        Number of Certified Copies Needed:
        Number of Pages: 2
        Number of Pages in Exhibits: 1
        Number of Secretary of State Services:
        Number of Other Services:
        Number of Subpoenas for Fire Personnel, Police Officers or Sheriff Deputies:

        Number of Other Subpoenas:
        Approximate total mileage for subpoenaed witnesses outside city limits:
        Suit contains Rule to Show Cause, TRO, Sequestration, Attachment or FIFA
        Curator required
```

| No. | Date/Time | Destination | Times | Type | Result | Resolution/ECM |
|-----|-----------|-------------|-------|------|--------|----------------|
| 001 | 12/17/19 16:46 | 15043109195-5060 | 0°01'27" | FAX | OK | 200x100 Normal/Off |

1

## Mike Spence, Caddo Parish Clerk of Court

## FAX RECEIPT

Suit Number: 620270-C      . Fax Number:

### *Existing Suits*

Type of Suit:

Existing Suits (except for the following) without service (page charge only) ▼

Number of Copies to be made in Clerk's Office:

Number of Certified Copies Needed:

Number of Pages: 9

Number of Pages in Exhibits: 1

Number of Secretary of State Services:

Number of Other Services:

Number of Subpoenas for Fire Personnel, Police Officers or Sheriff Deputies:

Number of Other Subpoenas:

Approximate total mileage for subpoenaed witnesses outside city limits:

Suit contains Rule to Show Cause, TRO, Sequestration, Attachment or FIFA ☐

Curator required ☐

Reservice Letter Request required ☐

FIFA Request required ☐

Writ of Possession Request required ☐

Request for Commission to Sell required ☐

If Judgment, number of additional parties over 2:

Record in Mortgage/Conveyance Records? (Enter number of pages above for price) ☐

Filing to be faxed? (Enter number of pages above for price) ☑

Current Amount Owed on Suit:

| Total Deposit Required: $129 |
| --- |

[ Clear Existing Suit Form ]   [ Print Page ]   [ Return to Main Calculator Page ]

## FAX LAW - Amended by Act 109, 2016

**§850. Facsimile transmission; filings in civil actions; fees; equipment and supplies**

A. Any document in a civil action may be filed with the clerk of court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time the facsimile transmission is received by the clerk of court. No later than on the first business day after receiving a facsimile filing, the clerk of court shall transmit to the filing party via facsimile a confirmation of receipt and include a statement of the fees for the facsimile filing and filing of the original document. The facsimile filing fee and transmission fee are incurred upon receipt of the facsimile filing by the clerk of court and payable as provided in Subsection B of this Section. The facsimile filing shall have the same force and effect as filing the original document, if the filing party complies with Subsection B of this Section.

B. Within seven days, exclusive of legal holidays, after the clerk of court receives the facsimile filing, all of the following shall be delivered to the clerk of court:

(1) The original document identical to the facsimile filing in number of pages and in content of each page including any attachments, exhibits, and orders. A document not identical to the facsimile filing or which includes pages not included in the facsimile filing shall not be considered the original document.

(2) The fees for the facsimile filing and filing of the original document stated on the confirmation of receipt, if any.

(3) A transmission fee of five dollars.

C. If the filing party fails to comply with any of the requirements of Subsection B of this Section, the facsimile filing shall have no force or effect. The various district courts may provide by court rule for other matters related to filings by facsimile transmission.

D. The clerk may purchase equipment and supplies necessary to accommodate facsimile filings out of the clerk's salary fund.

Acts 1991, No. 463, §1; Acts 1995, No. 1119, §1; Acts 2012, No. 826, §1; Acts 2016, No. 109, §1.

## **ATTENTION FILING CLERK**

## THIS IS THE ORIGINAL OF A PREVIOUSLY FAXED PLEADING

## FILE IMMEDIATELY

# Lugenbuhl

**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**
A LAW CORPORATION
9311 BLUEBONNET BOULEVARD | SUITE A | BATON ROUGE, LA 70810
TEL: 504.568.1990 | FAX: 504.310.9185

LaDonna G. Schexnyder
lschexnyder@lawla.com

December 17, 2019

***Via Fax to 318-227-9080 with US Mail to Follow***
Caddo Parish Clerk of Court
Honorable Mike Spence
501 Texas Street, Room 103
Shreveport, LA 71101

Re: Shiloh Missionary Baptist Church of Mooringsport, Inc., vs. Travelers Indemnity Company of Connecticut; Suit No. 620,270-C, 1st Judicial District Court, Parish of Caddo, State of Louisiana

Dear Sir and Mam:

Attached for fax-filing, please find Travelers Indemnity Company of Connecticut's Answer and Defenses to Petition for Damages.

Please confirm the processing of said filing by sending a return fax to (504) 310-9195 and include the total cost fees for this fax filing. Upon receipt of said confirmation, the original pleadings and payment will be forwarded via U.S. Mail. Upon receipt of the original, please send a filed, stamped copy back to us in the self-addressed envelope provided for that purpose.

Should anything further be needed in connection herewith, please advise. Thank you for your courtesy and attention to this request.

Very truly yours,

LaDonna G. Schexnyder

LGS/lb
Enclosures

1st JUDICIAL DISTRICT COURT PARISH OF CADDO

STATE OF LOUISIANA

NO. 620,270                                          SECTION: C

SHILOH MISSIONARY BAPTIST CHURCH OF MOORINGSPORT, INC.

v.

TRAVELERS INDEMNITY COMPANY OF CONNECTICUT

_____            _____
Filed                                                Deputy Clerk

**THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT'S**
**ANSWER & DEFENSES TO PETITION FOR DAMAGES**

NOW INTO COURT, comes The Travelers Indemnity Company of Connecticut ("Travelers"), which submits the following Answer and Defenses to the Petition ("Petition") filed by plaintiff, Shiloh Missionary Baptist Church of Mooringsport, Inc. ("Plaintiff"). And now, answering the allegations of the Petition by separate paragraph, Travelers avers as follows:

**Answers to Specific Allegations of the Petition**

1.

Travelers denies the allegations of Paragraph 1 of the Petition for lack of sufficient information to justify a belief as to the truth of the allegations asserted therein.

II.

Travelers admits the allegations of Paragraph 2 of the Petition.

III.

Travelers admits that it issued a commercial insurance policy to Shiloh Baptist Church Mooringsport c/o Edward Moore, bearing Policy I-660-826C1101-TCT-18 for the policy period of April 15, 2018 to April 15, 2019 (the "Policy") with the insured location being listed: Location 1, Building 1, 10395 Blanchard-Latex Road, Mooringsport, LA 71060; and Location 1, Building 2, 10395 Blanchard-Latex Road, Mooringsport, LA 71060. The Policy is subject to the terms, conditions, limitations, and exclusions contained therein, all of which are incorporated herein by reference. In addition Travelers avers that, to the extent the allegations refer to the Policy, the Policy is a written document and, as such, is the best evidence of its contents. Therefore, any allegations

Page 1 of 9

$___ FILED

DEC 17 2019

SANDY ROTHELL
DEPUTY CLERK OF COURT
CADDO PARISH

that tend to expand, modify or vary the terms and conditions of the Policy are expressly denied. The remaining allegations in Paragraph 3 of the Petition are denied.

IV.

Travelers denies the allegations of Paragraph 4 of the Petition.

V.

Travelers admits that on or about June 10, 2019 Plaintiff reported a claim for damages with an alleged date of loss of April 13, 2019. The remaining allegations of Paragraph 5 of the Petition are denied.

VI.

Travelers denies the allegations of Paragraph 6 of the Petition.

VII.

Travelers denies the allegations of Paragraph 7 of the Petition.

VIII.

Travelers admits receiving notice from Plaintiff of the alleged damages. Travelers further admits to hiring a Louisiana licensed professional engineer to inspect the loss. Travelers denies any remaining allegations of Paragraph 8 of the Petition.

IX.

Travelers admits that its licensed engineer prepared a report detailing his findings with regards to the purported loss. Travelers denies any remaining allegations of Paragraph 9 of the Petition.

X.

Travelers denies the allegations of Paragraph 10 of the Petition

XI.

Travelers denies the allegations of Paragraph 11 of the Petition.

XII.

Travelers denies the allegations of Paragraph 12 of the Petition.

XIII.

Travelers denies the allegations of Paragraph 13 of the Petition.

## XIV.

The prayer in the Petition contains no allegations and therefore no response is required; however, out of an abundance of caution, the allegations of the prayer of the Petition are denied for lack of sufficient information upon which to base a belief. All unlabeled or incorrectly labeled paragraphs are also denied.

### Additional Answers & Defenses

AND NOW, FURTHER ANSWERING, Travelers states as follows:

### First Defense

Plaintiff has failed to state a claim upon which relief can be granted.

### Second Defense

Plaintiff's complaint fails to provide sufficient specificity in the allegations to permit a full response thereto, and, consequently, Travelers reserves its rights to raise any and all defenses under the policy at issue or applicable law until the precise nature of the claims are ascertained through discovery or amendment to the pleadings.

### Third Defense

Plaintiff's claims are barred, in whole or in part, to the extent the alleged damages fall outside the scope of coverage provided by the policy and/or are barred by the terms, conditions, limitations and/or exclusions contained in the policy, all of which are incorporated herein by reference.

### Fourth Defense

Travelers has no obligations under the policy unless and until all terms, provisions, and conditions, including conditions precedent or subsequent of the policy have been satisfied. The policy conditions include, but are not limited to, those detailed in the provisions titled "Concealment, Misrepresentation or Fraud", "Legal Action Against Us", "Other Insurance", "No Benefit to Bailee", "Duties in the Event of Loss or Damage", "Coinsurance", "Loss Payment." and the like. To the extent the plaintiff has not satisfied and/or has violated any conditions precedent or subsequent identified in the policy, or has failed to comply with all terms of the policy, Travelers has no liability under the policy.

### Fifth Defense

To the extent Travelers may have any liability under the policy, that liability is subject to the limitations of liability, aggregates, and/or deductibles contained in the policy or in any

endorsement(s).

## Sixth Defense

No coverage exists under the policy to the extent that plaintiff alleges damages, the fact and extent of which Travelers denies, were proximately caused by intervening, superseding and/or supervening acts or events for which Travelers has no responsibility.

## Seventh Defense

Any liability for alleged damages under the policy is reduced to the extent that payment has already been made for the alleged damages.

## Eighth Defense

Plaintiff's claims are barred, in whole or in part, to the extent that the alleged policy or any rights thereunder have been assigned in contravention of policy terms and conditions.

## Ninth Defense

To the extent any coverage for the claimed losses exists under the policy, such coverage is subject to any and all Loss Settlement provisions contained in the policy or any endorsement(s).

## Tenth Defense

Some or all of plaintiff's claims have been fully adjusted and payment tendered.

## Eleventh Defense

A bona fide controversy existed and continues to exist concerning plaintiff's entitlement to insurance benefits from Travelers. Travelers and its employees, agents, representatives, and adjusters are entitled to value claims differently from Travelers policyholders without facing bad faith or extra-contractual liability. Travelers would show that a bona fide controversy existed regarding the scope of any alleged coverage loss, the value of such loss and/or whether and to what extent any asserted loss was the result of a covered occurrence or occurrences.

## Twelfth Defense

Plaintiff's damages, if any, must be offset by the amount of applicable policy deductibles, specifically as provided for in the subject Policy.

## Thirteenth Defense

The Policy issued to Plaintiff also contains the following conditions concerning Plaintiff's Duties After Loss. Failure to fulfill these conditions is the failure of a condition precedent to coverage and may void any coverage under the policy:

E.    **LOSS CONDITIONS**

                 \*   \*   \*

3.    **Duties in the Event of Loss or Damage**

    a.    You must see that the following are done in the event of loss or damage:

       (1)    Notify the police if a law may have been broken.

       (2)    Give us prompt notice of the loss or damage. Include a description of the property involved.

       (3)    As soon as possible, give us a description of how, when and where the loss or damage occurred.

       (4)    Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property for consideration in the settlement of the claim. . .

       (5)    At our request, give us complete inventories of the damaged and undamaged property. . . .

       (6)    As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records. . . .

       (7)    Send to us a signed, sworn proof of loss containing the information we request to investigate the claim. . . .

       (8)    Cooperate with us in the investigation or settlement of the claim.

    b.    We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.

### Fourteenth Defense

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks to establish coverage that is expressly excluded by any of the endorsements contained in the Policy.

### Fifteenth Defense

The Policy provides coverage (consistent with all of the terms, conditions, limitations and exclusions therein) only for direct physical loss to personal property owned or used by an insured. Plaintiff's claims are barred, in whole or in part, to the extent that the claims asserted are not for direct physical loss to personal property owned or used by the insured within the meaning of the Policy.

### Sixteenth Defense

The Policy provides coverage (consistent with all of the terms, conditions, limitations and exclusions therein) only for loss caused by a Peril Insured Against as described in the Policy.

Plaintiff's claims are barred, in whole or in part, to the extent that the claims asserted are not for loss caused by a Peril Insured Against within the meaning of the Policy.

<u>Seventeenth Defense</u>

Coverage is precluded, in whole or in part, by the following language in the Policy issued to Plaintiff:

**B.    EXCLUSIONS**

1.    We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

* * *

    a.    **Ordinance or Law**

* * *

    b.    **Earth Movement**

* * *

    g.    **Water**

* * *

2.    We will not pay for loss or damage caused by or resulting from any of the following:

* * *

    d.    (1)    Wear and tear;

        (2)    Rust, other corrosion, fungus, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

* * *

        (4)    Settling, cracking, shrinking or expansion;

* * *

    f.    Continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

* * *

    k.    Collapse, including any of the following conditions of property or any part of the property:

        (1)    An abrupt falling down or caving in;

        (2)    Loss of structural integrity, including separation of parts of the property or property in damage of falling down or caving in; or

        (3)    Any cracking, bulging, sagging, bending, settling, shrinkage or expansion as such condition relates to (1) or (2) above.

* * *

3.    We will not pay for loss or damage caused by or resulting from any of the following, 3.a. through 3.c. . . .

* * *

Page 6 of 9

    b.    Acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body.

    c.    Faulty, inadequate or defective:

        (1)    Planning, zoning, development, surveying, siting;

        (2)    Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

        (3)    Materials used in repair, construction, renovation, or remodeling; or

        (4)    Maintenance;

    of part or all of any property on or off the described premises.

          \*   \*   \*

### Eighteenth Defense

Coverage is precluded, in whole or in part, by the following language in the Policy issued to Plaintiff:

    D.    **LEGAL ACTION AGAINST US**

    No one may bring a legal action against us under this Coverage Part unless:

    1.    There has been full compliance with all of the terms of the Coverage Part; and

    2.    The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

### Nineteenth Defense

Any liability under the Policy is excluded or reduced to the extent that the insured has other insurance applicable to the claim.

### Twentieth Defense

Travelers has no liability to Plaintiff for court costs, legal expenses, interest and/or any other type of damages.

### Twenty-First Defense

Any award to Plaintiff must be offset by all payments and credits available by reason of settlement or contribution. Further, Travelers pleads that it is entitled to an offset and/or credit for amounts paid pursuant to any other policy covering Plaintiff's property.

### Twenty-Second Defense

To the extent that Plaintiff prays for punitive, exemplary, or otherwise enhanced damages, Travelers invokes its rights under the due process clause of the Fifth Amendment of the United

States Constitution as applied to the states through the Fourteenth Amendment of the United States Constitution.

### Twenty-Third Defense

To the extent Plaintiff prays for punitive, exemplary, or otherwise enhanced damages, such request should be denied because it violates the equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States and the provisions of the Eighth Amendment to the Constitution of the United States.

### Twenty-Fourth Defense

To the extent Plaintiff prays for punitive, exemplary, or otherwise enhanced damages, any such request should be denied because it is a violation of federal and state constitutional protections and a violation of Louisiana's bad faith insurance statutes to impose damages and/or assess penalties with respect to undisputed amounts of Plaintiff's claim which were timely paid by Travelers.

### Twenty-Fifth Defense

Travelers reasonably relied upon case law from the state and federal courts of Louisiana, which supported Travelers' interpretation of the relevant policy issued to Plaintiff.

### Twenty-Sixth Defense

Travelers reserves the right to amend this answer to assert any additional defenses or any other applicable terms, provisions, exclusions, limitations, or conditions of the policy that may become apparent during Travelers' ongoing investigation and discovery.

WHEREFORE, DEFENDANT, THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT prays that this answer be deemed good and sufficient, and that after all due proceedings had, that there be judgment rendered herein and in favor of Defendant, dismissing plaintiff's claims, with prejudice, and at plaintiff's costs. Defendant further prays for all other general and equitable relief to which it may be entitled.

Respectfully submitted:

LADONNA G. SCHEXNYDER, LA Bar #28814
SETH A. SCHMEECKLE, LA Bar #27076
**Lugenbuhl, Wheaton, Peck, Rankin & Hubbard**
9311 Bluebonnet Blvd, Suite A
Baton Rouge, LA 70810

Page 8 of 9

Telephone: (504) 568-1990
Facsimile: (504) 310-9195
**Attorneys for Defendant,**
**The Travelers Indemnity Company of Connecticut**

## CERTIFICATE

I hereby certify that a copy of the above and foregoing has been served upon all counsel of

record by hand delivery, FedEx, facsimile, email and/or by placing same in the United States Mail,

postage paid and properly address, this 17th day of December, 2019.

LaDonna G. Schexnyder

1st JUDICIAL DISTRICT COURT PARISH OF CADDO

STATE OF LOUISIANA

NO. 620,270                                                    SECTION: C

SHILOH MISSIONARY BAPTIST CHURCH OF MOORINGSPORT, INC.

v.

TRAVELERS INDEMNITY COMPANY OF CONNECTICUT

_____          _____
Filed                                    Deputy Clerk

### THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT'S
### ANSWER & DEFENSES TO PETITION FOR DAMAGES

NOW INTO COURT, comes The Travelers Indemnity Company of Connecticut ("Travelers"), which submits the following Answer and Defenses to the Petition ("Petition") filed by plaintiff, Shiloh Missionary Baptist Church of Mooringsport, Inc. ("Plaintiff"). And now, answering the allegations of the Petition by separate paragraph, Travelers avers as follows:

### Answers to Specific Allegations of the Petition

I.

Travelers denies the allegations of Paragraph 1 of the Petition for lack of sufficient information to justify a belief as to the truth of the allegations asserted therein.

II.

Travelers admits the allegations of Paragraph 2 of the Petition.

III.

Travelers admits that it issued a commercial insurance policy to Shiloh Baptist Church Mooringsport c/o Edward Moore, bearing Policy I-660-826C1101-TCT-18 for the policy period of April 15, 2018 to April 15, 2019 (the "Policy") with the insured location being listed: Location 1, Building 1, 10395 Blanchard-Latex Road, Mooringsport, LA 71060; and Location 1, Building 2, 10395 Blanchard-Latex Road, Mooringsport, LA 71060. The Policy is subject to the terms, conditions, limitations, and exclusions contained therein, all of which are incorporated herein by reference. In addition Travelers avers that, to the extent the allegations refer to the Policy, the Policy is a written document and, as such, is the best evidence of its contents. Therefore, any allegations

PGS __9__ Exh __2__ MIN __✓__
CC ____ CP ____ MAIL ____ N/J ____
INDEX ____ REC ____ FAX ____ Page 1 of 9
W/D DOC _____ CERT MAIL ____
SERVICE _____



$125 FILED

DEC 20 2019

TODI HAYES
DEPUTY CLERK OF COURT
CADDO PARISH

that tend to expand, modify or vary the terms and conditions of the Policy are expressly denied. The remaining allegations in Paragraph 3 of the Petition are denied.

### IV.

Travelers denies the allegations of Paragraph 4 of the Petition.

### V.

Travelers admits that on or about June 10, 2019 Plaintiff reported a claim for damages with an alleged date of loss of April 13, 2019. The remaining allegations of Paragraph 5 of the Petition are denied.

### VI.

Travelers denies the allegations of Paragraph 6 of the Petition.

### VII.

Travelers denies the allegations of Paragraph 7 of the Petition.

### VIII.

Travelers admits receiving notice from Plaintiff of the alleged damages. Travelers further admits to hiring a Louisiana licensed professional engineer to inspect the loss. Travelers denies any remaining allegations of Paragraph 8 of the Petition.

### IX.

Travelers admits that its licensed engineer prepared a report detailing his findings with regards to the purported loss. Travelers denies any remaining allegations of Paragraph 9 of the Petition.

### X.

Travelers denies the allegations of Paragraph 10 of the Petition

### XI.

Travelers denies the allegations of Paragraph 11 of the Petition.

### XII.

Travelers denies the allegations of Paragraph 12 of the Petition.

### XIII.

Travelers denies the allegations of Paragraph 13 of the Petition.

XIV.

The prayer in the Petition contains no allegations and therefore no response is required; however, out of an abundance of caution, the allegations of the prayer of the Petition are denied for lack of sufficient information upon which to base a belief.  All unlabeled or incorrectly labeled paragraphs are also denied.

## Additional Answers & Defenses

AND NOW, FURTHER ANSWERING, Travelers states as follows:

## First Defense

Plaintiff has failed to state a claim upon which relief can be granted.

## Second Defense

Plaintiff's complaint fails to provide sufficient specificity in the allegations to permit a full response thereto, and, consequently, Travelers reserves its rights to raise any and all defenses under the policy at issue or applicable law until the precise nature of the claims are ascertained through discovery or amendment to the pleadings.

## Third Defense

Plaintiff's claims are barred, in whole or in part, to the extent the alleged damages fall outside the scope of coverage provided by the policy and/or are barred by the terms, conditions, limitations and/or exclusions contained in the policy, all of which are incorporated herein by reference.

## Fourth Defense

Travelers has no obligations under the policy unless and until all terms, provisions, and conditions, including conditions precedent or subsequent of the policy have been satisfied. The policy conditions include, but are not limited to, those detailed in the provisions titled "Concealment, Misrepresentation or Fraud", "Legal Action Against Us", "Other Insurance", "No Benefit to Bailee", "Duties in the Event of Loss or Damage", "Coinsurance", "Loss Payment." and the like. To the extent the plaintiff has not satisfied and/or has violated any conditions precedent or subsequent identified in the policy, or has failed to comply with all terms of the policy, Travelers has no liability under the policy.

## Fifth Defense

To the extent Travelers may have any liability under the policy, that liability is subject to the limitations of liability, aggregates, and/or deductibles contained in the policy or in any

endorsement(s).

### Sixth Defense

No coverage exists under the policy to the extent that plaintiff alleges damages, the fact and extent of which Travelers denies, were proximately caused by intervening, superseding and/or supervening acts or events for which Travelers has no responsibility.

### Seventh Defense

Any liability for alleged damages under the policy is reduced to the extent that payment has already been made for the alleged damages.

### Eighth Defense

Plaintiff's claims are barred, in whole or in part, to the extent that the alleged policy or any rights thereunder have been assigned in contravention of policy terms and conditions.

### Ninth Defense

To the extent any coverage for the claimed losses exists under the policy, such coverage is subject to any and all Loss Settlement provisions contained in the policy or any endorsement(s).

### Tenth Defense

Some or all of plaintiff's claims have been fully adjusted and payment tendered.

### Eleventh Defense

A bona fide controversy existed and continues to exist concerning plaintiff's entitlement to insurance benefits from Travelers. Travelers and its employees, agents, representatives, and adjusters are entitled to value claims differently from Travelers policyholders without facing bad faith or extra-contractual liability. Travelers would show that a bona fide controversy existed regarding the scope of any alleged coverage loss, the value of such loss and/or whether and to what extent any asserted loss was the result of a covered occurrence or occurrences.

### Twelfth Defense

Plaintiff's damages, if any, must be offset by the amount of applicable policy deductibles, specifically as provided for in the subject Policy.

### Thirteenth Defense

The Policy issued to Plaintiff also contains the following conditions concerning Plaintiff's Duties After Loss.  Failure to fulfill these conditions is the failure of a condition precedent to coverage and may void any coverage under the policy:

**E.   LOSS CONDITIONS**

\* \* \*

3.   **Duties in the Event of Loss or Damage**

**a.**   You must see that the following are done in the event of loss or damage:

(1)   Notify the police if a law may have been broken.

(2)   Give us prompt notice of the loss or damage. Include a description of the property involved.

(3)   As soon as possible, give us a description of how, when and where the loss or damage occurred.

(4)   Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property for consideration in the settlement of the claim. . . .

(5)   At our request, give us complete inventories of the damaged and undamaged property. . . .

(6)   As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records. . . .

(7)   Send to us a signed, sworn proof of loss containing the information we request to investigate the claim. . . .

(8)   Cooperate with us in the investigation or settlement of the claim.

**b.**   We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance of the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.

### Fourteenth Defense

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks to establish coverage that is expressly excluded by any of the endorsements contained in the Policy.

### Fifteenth Defense

The Policy provides coverage (consistent with all of the terms, conditions, limitations and exclusions therein) only for direct physical loss to personal property owned or used by an insured. Plaintiff's claims are barred, in whole or in part, to the extent that the claims asserted are not for direct physical loss to personal property owned or used by the insured within the meaning of the Policy.

### Sixteenth Defense

The Policy provides coverage (consistent with all of the terms, conditions, limitations and exclusions therein) only for loss caused by a Peril Insured Against as described in the Policy.

Plaintiff's claims are barred, in whole or in part, to the extent that the claims asserted are not for loss caused by a Peril Insured Against within the meaning of the Policy.

<u>Seventeenth Defense</u>

Coverage is precluded, in whole or in part, by the following language in the Policy issued to Plaintiff:

**B.    EXCLUSIONS**

1.    We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

* * *

    a.    **Ordinance or Law**

* * *

    b.    **Earth Movement**

* * *

    g.    **Water**

* * *

2.    We will not pay for loss or damage caused by or resulting from any of the following:

* * *

    d.    (1)    Wear and tear;

        (2)    Rust, other corrosion, fungus, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

* * *

        (4)    Settling, cracking, shrinking or expansion;

* * *

    f.    Continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

* * *

    k.    Collapse, including any of the following conditions of property or any part of the property:

        (1)    An abrupt falling down or caving in;

        (2)    Loss of structural integrity, including separation of parts of the property or property in damage of falling down or caving in; or

        (3)    Any cracking, bulging, sagging, bending, settling, shrinkage or expansion as such condition relates to (1) or (2) above.

* * *

3.    We will not pay for loss or damage caused by or resulting from any of the following, 3.a. through 3.c. . . . ,

* * *

Page 6 of 9

**b.**   Acts or decisions, including the failure to act or decide, of any
person, group, organization or governmental body.

**c.**   Faulty, inadequate or defective:

   **(1)**   Planning, zoning, development, surveying, siting;

   **(2)**   Design, specifications, workmanship, repair, construction,
renovation, remodeling, grading, compaction;

   **(3)**   Materials used in repair, construction, renovation, or
remodeling; or

   **(4)**   Maintenance;

   of part or all of any property on or off the described premises.

\* \* \*

## Eighteenth Defense

Coverage is precluded, in whole or in part, by the following language in the Policy issued to

Plaintiff:

**D.   LEGAL ACTION AGAINST US**

No one may bring a legal action against us under this Coverage Part unless:

   **1.**   There has been full compliance with all of the terms of the Coverage
Part; and

   **2.**   The action is brought within 2 years after the date on which the direct
physical loss or damage occurred.

## Nineteenth Defense

Any liability under the Policy is excluded or reduced to the extent that the insured has other

insurance applicable to the claim.

## Twentieth Defense

Travelers has no liability to Plaintiff for court costs, legal expenses, interest and/or any other

type of damages.

## Twenty-First Defense

Any award to Plaintiff must be offset by all payments and credits available by reason of

settlement or contribution. Further, Travelers pleads that it is entitled to an offset and/or credit for

amounts paid pursuant to any other policy covering Plaintiff's property.

## Twenty-Second Defense

To the extent that Plaintiff prays for punitive, exemplary, or otherwise enhanced damages,

Travelers invokes its rights under the due process clause of the Fifth Amendment of the United

States Constitution as applied to the states through the Fourteenth Amendment of the United States

Constitution.

### Twenty-Third Defense

To the extent Plaintiff prays for punitive, exemplary, or otherwise enhanced damages, such

request should be denied because it violates the equal protection rights guaranteed by the Fifth and

Fourteenth Amendments to the Constitution of the United States and the provisions of the Eighth

Amendment to the Constitution of the United States.

### Twenty-Fourth Defense

To the extent Plaintiff prays for punitive, exemplary, or otherwise enhanced damages, any

such request should be denied because it is a violation of federal and state constitutional protections

and a violation of Louisiana's bad faith insurance statutes to impose damages and/or assess penalties

with respect to undisputed amounts of Plaintiff's claim which were timely paid by Travelers.

### Twenty-Fifth Defense

Travelers reasonably relied upon case law from the state and federal courts of Louisiana,

which supported Travelers' interpretation of the relevant policy issued to Plaintiff.

### Twenty-Sixth Defense

Travelers reserves the right to amend this answer to assert any additional defenses or any

other applicable terms, provisions, exclusions, limitations, or conditions of the policy that may

become apparent during Travelers' ongoing investigation and discovery.

**WHEREFORE, DEFENDANT, THE TRAVELERS INDEMNITY COMPANY OF**

**CONNECTICUT** prays that this answer be deemed good and sufficient, and that after all due

proceedings had, that there be judgment rendered herein and in favor of Defendant, dismissing

plaintiff's claims, with prejudice, and at plaintiff's costs. Defendant further prays for all other general

and equitable relief to which it may be entitled.

Respectfully submitted:

LADONNA G. SCHEXNYDER, LA Bar #28814
SETH A. SCHMEECKLE, LA Bar #27076
**Lugenbuhl, Wheaton, Peck, Rankin & Hubbard**
9311 Bluebonnet Blvd, Suite A
Baton Rouge, LA 70810

Page 8 of 9

Telephone: (504) 568-1990
Facsimile: (504) 310-9195
**Attorneys for Defendant,**
**The Travelers Indemnity Company of Connecticut**

## CERTIFICATE

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by hand delivery, FedEx, facsimile, email and/or by placing same in the United States Mail, postage paid and properly address, this 17th day of December, 2019.

LaDonna G. Schexnyder

## Mike Spence, Caddo Parish Clerk of Court

### FAX RECEIPT

Suit Number: 620270-C _____ Fax Number: _____

**Existing Suits**

Type of Suit:
[ Existing Suits (except for the following) without service (page charge only) ▼ ]

Number of Copies to be made in Clerk's Office:

Number of Certified Copies Needed:

Number of Pages: :9

Number of Pages in Exhibits: :1

Number of Secretary of State Services:

Number of Other Services:

Number of Subpoenas for Fire Personnel, Police Officers or Sheriff Deputies:

Number of Other Subpoenas:

Approximate total mileage for subpoenaed witnesses outside city limits:

Suit contains Rule to Show Cause, TRO, Sequestration, Attachment or FIFA

Curator required

Reservice Letter Request required

FIFA Request required

Writ of Possession Request required

Request for Commission to Sell required

If Judgment, number of additional parties over 2:

Record in Mortgage/Conveyance Records? (Enter number of pages above for price)

Filing to be faxed? (Enter number of pages above for price) ✓

Current Amount Owed on Suit:

| Total Deposit Required: $129 |
| --- |

Clear Existing Suit Form | Print Page | Return to Main Calculator Page

### FAX LAW - Amended by Act 109, 2016

§850. Facsimile transmission; filings in civil actions; fees; equipment and supplies

A. Any document in a civil action may be filed with the clerk of court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time the facsimile transmission is received by the clerk of court. No later than on the first business day after receiving a facsimile filing, the clerk of court shall transmit to the filing party via facsimile a confirmation of receipt and include a statement of the fees for the facsimile filing and filing of the original document. The facsimile filing fee and transmission fee are incurred upon receipt of the facsimile filing by the clerk of court and payable as provided in Subsection B of this Section. The facsimile filing shall have the same force and effect as filing the original document, if the filing party complies with Subsection B of this Section.

B. Within seven days, exclusive of legal holidays, after the clerk of court receives the facsimile filing, all of the following shall be delivered to the clerk of court:

(1) The original document identical to the facsimile filing in number of pages and in content of each page including any attachments, exhibits, and orders. A document not identical to the facsimile filing or which includes pages not included in the facsimile filing shall not be considered the original document.

(2) The fees for the facsimile filing and filing of the original document stated on the confirmation of receipt, if any.

(3) A transmission fee of five dollars.

C. If the filing party fails to comply with any of the requirements of Subsection B of this Section, the facsimile filing shall have no force or affect. The various district courts may provide by court rule for other matters related to filings by facsimile transmission.

D. The clerk may purchase equipment and supplies necessary to accommodate facsimile filings out of the clerk's salary fund.

Acts 1991, No. 463, §1; Acts 1995, No. 1119, §1; Acts 2012, No. 826, §1; Acts 2016, No. 109, §1.

### **ATTENTION FILING CLERK**

### THIS IS THE ORIGINAL OF A PREVIOUSLY FAXED PLEADING

### FILE IMMEDIATELY

# Lugenbuhl

**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**
A LAW CORPORATION
9311 BLUEBONNET BOULEVARD | SUITE A | BATON ROUGE, LA 70810
TEL: 504.568.1990 | FAX: 504.310.9195

LaDonna G. Schexnyder
lschexnyder@lawla.com

December 17, 2019

_**Via Fax to 318-227-9080 with US Mail to Follow**_
Caddo Parish Clerk of Court
Honorable Mike Spence
501 Texas Street, Room 103
Shreveport, LA 71101

Re:  Shiloh Missionary Baptist Church of Mooringsport, Inc., vs. Travelers Indemnity
     Company of Connecticut; Suit No. 620,270-C, 1st Judicial District Court, Parish
     of Caddo, State of Louisiana

Dear Sir and Mam:

Attached for fax-filing, please find Travelers Indemnity Company of Connecticut's
Answer and Defenses to Petition for Damages.

Please confirm the processing of said filing by sending a return fax to (504) 310-9195
and include the total cost fees for this fax filing. Upon receipt of said confirmation, the original
pleadings and payment will be forwarded via U.S. Mail. Upon receipt of the original, please
send a filed, stamped copy back to us in the self-addressed envelope provided for that purpose.

Should anything further be needed in connection herewith, please advise. Thank you for
your courtesy and attention to this request.

Very truly yours,

LaDonna G. Schexnyder

LGS/lb
Enclosures

SHILOH MISSIONARY BAPTIST
CHURCH OF MOORINGSPORT, INC.
      Plaintiff,

VS.

TRAVELERS INDEMNITY COMPANY
OF CONNECTICUT
      Defendant

NUMBER: 620,270-C

FIRST JUDICIAL DISTRICT COURT

PARISH OF CADDO

STATE OF LOUISIANA

## RESPONSES TO FIRST SET OF REQUESTS
## FOR ADMISSIONS

Plaintiff, SHILOH MISSIONARY BAPTIST CHURCH OF MOORINGSPORT, INC,

through undersigned counsel, responds to defendant's First Set of Requests for Admissions, as

follows:

### REQUEST FOR ADMISSION NO. 1:

Admit that Travelers owes You nothing for damage to contents under the terms of the Policy.

### RESPONSE TO REQUEST FOR ADMISSION NO. 1:

Denied.

### REQUEST FOR ADMISSION NO. 2:

Admit that Travelers owes You nothing for damage to appurtenant structures under the terms

of the Policy.

### RESPONSE TO REQUEST FOR ADMISSION NO. 2:

Denied.

### REQUEST FOR ADMISSION NO. 3:

Admit that Travelers owes You nothing for damage to the dwelling under the terms of the

Policy.

### RESPONSE TO REQUEST FOR ADMISSION NO. 3:

Denied.

### REQUEST FOR ADMISSION NO. 4:

Admit that prior to the filing of this lawsuit You did not provide Travelers with any estimates

for damage to the Premises cause by the Wind.

### RESPONSE TO REQUEST FOR ADMISSION NO. 4:

Denied. Travelers performed its own faulty adjustment.

POS 4 LAT ____ MIN ✓
CC ____ CP ____ MAIL ____ N/J ____
INDEX ____ REC ____ FAX ____
W/D DOC ____ CERT MAIL ____
SERVICE ____

4019

$____ FILED

DEC 20 2019

JIM SCOTT
DEPUTY CLERK OF COURT
CADDO PARISH

**REQUEST FOR ADMISSION NO. 5:**

Admit that prior to the filing of this lawsuit You did not provide Travelers with any documents, including but not limited to receipts and/or invoices.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Denied.

**REQUEST FOR ADMISSION NO. 6:**

Admit that You provided notice to Travelers of Wind damage on or about June 10, 2019.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Denied as written.  It is admitted that a property damage claim was submitted to Travelers.

**REQUEST FOR ADMISSION NO. 7:**

Admit that You allege a date of loss of April 13, 2019.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Admitted.

**REQUEST FOR ADMISSION NO. 8:**

Admit that Ronald Baker of Travelers and Hancock Claims inspected the Premises on June 14, 2019.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Admitted.

**REQUEST FOR ADMISSION NO. 9:**

Admit that on or about June 26, 2019 engineer Darin Teeman inspected the Premises.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Admitted.

**REQUEST FOR ADMISSION NO. 10:**

Admit that Travelers issued correspondence on July 11, 2019 regarding lack of coverage for the damages resulting from settlement and/or faulty, inadequate or defective design, specifications, workmanship, repair, construction, renovation, remodeling or materials used in repair, construction, renovation or remodeling.

**RESPONSE TO REQUEST FOR ADMISSION NO.10:**

Denied as written.  It is admitted that Travelers issued correspondence denying coverage.

**REQUEST FOR ADMISSION NO. 11:**

Admit that the Policy has a deductible in the amount of $2,500.00 applicable to the Insurance

Claim.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Admitted per page 125, Policy #-I-660-826C1101-TCT-19, issue date 2/26/19.

**REQUEST FOR ADMISSION NO. 12:**

Admit that there is a *bona fide* controversy between You and Travelers as to whether

Travelers owes You any money for the Insurance Claim.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Denied.

**REQUEST FOR ADMISSION NO. 13:**

Admit that Travelers adjusted the Insurance Claim in a timely manner.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Denied.

**REQUEST FOR ADMISSION NO. 14:**

Admit that the amount in controversy in this matter exceeds $75,000.00, exclusive of interest

and costs.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Admitted.

BODENHEIMER, JONES & SZWAK, LLC

By: _____

**DAVID A. SZWAK #21157, TA**
**416 Travis Street, Ste. 1404**
**Mid South Tower**
**Shreveport, Louisiana 71101**
**Telephone: (318) 424-1400**
**Fax:  (318) 221-6555**

**ATTORNEYS FOR PETITIONER**

# C E R T I F I C A T E

I HEREBY CERTIFY that a copy of the Response to Requests for Admissions has been served on opposing counsel by placing a copy of same in the United States Mail, properly addressed and with proper postage affixed thereto this _____ day of December, 2019.

_____
DAVID SZWAK