UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SHILOH MISSIONARY BAPTIST CHURCH          CIVIL ACTION NO. 20-cv-0081
OF MOORINGSPORT

VERSUS                                    JUDGE ELIZABETH E. FOOTE

TRAVELERS INDEMNITY CO. OF                MAGISTRATE JUDGE HORNSBY
CONNECTICUT

## MEMORANDUM ORDER

Shiloh Missionary Baptist Church of Mooringsport, Inc. filed this civil action in state court against Travelers Indemnity Co. of Connecticut. Travelers removed the case based on an assertion of diversity jurisdiction, which puts the burden on Travelers to set forth specific facts that demonstrate that there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

Travelers alleges that it is a "foreign insurance company that is organized under the laws of Connecticut and has its principal place of business in Connecticut." A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The citizenship of an unincorporated association is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). Travelers appears to be alleging that it is a corporation, but its use of the term "company" leaves the possibility that it is not a corporation but a form of association that may be subject to different rules for the

determination of citizenship. The court will assume that Travelers is a corporation. If it is not, Travelers must say so in the jurisdiction section of the case management report that the court will direct the parties to file in the near future.

Travelers alleges that Shiloh is a "domestic corporation" authorized to do business in Louisiana with its principal place of business in Louisiana. The court will treat the assertion that Shiloh is a "domestic corporation" as an allegation that it is incorporated under Louisiana law. The online records of the Secretary of State indicate that is the case. If this is incorrect, Shiloh should make note of it in the jurisdiction section of the case management report.

Considering these assumptions and the other allegations of fact in the notice of removal, the court makes a preliminary finding that there is a basis for subject matter jurisdiction pursuant to 28 U.S.C. § 1332. This finding is preliminary and may be reconsidered sua sponte or on appropriate motion.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 21st day of January, 2020.

Mark L. Hornsby
U.S. Magistrate Judge